UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA GARZA,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | Case No. EDCV 09-2204 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.    SUMMARY**

On December 7, 2009, plaintiff Monica Garza ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 10, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to consider competent lay evidence and the Court cannot find such error harmless.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 11, 2007, plaintiff filed an application for Supplemental Security Income. (Administrative Record ("AR") 9, 97). Plaintiff asserted that she became disabled on May 1, 1996, due to: Depression, panic attacks, "schizophrenic," insomnia, anxiety, "unable to be around groups of people," lower back problems, and neck problems. (AR 107). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on May 26, 2009. (AR 29-51).

On September 3, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 16). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: mild degenerative disc disease, obesity, and mood disorder (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 11); (3) plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b)[1] with certain

---

[1] "Light work" involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. The full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Sitting may occur intermittently during the remaining time. In addition, occasional bending from the waist is required to lift and carry objects. Unlike work at the medium level, frequent bending or stooping is not required for light work. Moreover, limitations in an individual's ability to climb, bend, kneel or crawl will not significantly erode the
(continued...)

limitations[2] (AR 12); (4) plaintiff has no past relevant work (AR 15); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 16); and (6) plaintiff's allegations regarding her limitations were not totally credible (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

---

(...continued)
occupational base at either the light or medium level of exertion. See 20 C.F.R. § 416.967(b); Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *6-*7; SSR 83-10, 1983 WL 31251, at *5-*6; SSR 83-14, 1983 WL 31254, at *4-*5.

[2]The ALJ determined that plaintiff could perform light work, but with the following limitations: (i) occasional climbing of ladders, ropes, or scaffolds, and occasional crawling, but otherwise frequent postural activities; (ii) no extreme or constant overhead reaching or stretching; (iii) no extreme neck flexion or extension; and (iv) limited to unskilled entry-level work that can be learned in 30 days or less. (AR 12).

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.  DISCUSSION

### A.  A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Daughter and the Court Cannot Find That Such Error Was Harmless

Plaintiff contends that a reversal or remand is appropriate in part because the ALJ erroneously failed to address the written statements supplied by plaintiff's daughter and to provide adequate reasons for rejecting such evidence.  The Court agrees.  As this Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1.  Pertinent Facts

On October 4, 2007, plaintiff's daughter, Rosalinda Garza, completed two substantially similar function reports regarding her observations of plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities.[3]  (AR 102-09).  She reported, *inter alia*, that plaintiff: (i) sees her daughter three days each week, and the daughter takes care of the house while plaintiff stays in her

---

[3] Plaintiff states that the daughter's second function report was dated January 10, 2008, but apparently erroneously took such date from plaintiff's own function report, rather than from the daughter's second report.  (Compare AR 157 with AR 165).

5

room (AR 121, 150); (ii) helps her other daughters prepare for school, takes her medicine, returns home and goes back to bed, stays in her room or watches television, either showers or does not shower or change each day (AR 121, 150); (iii) cooks only light meals, while her daughter takes care of cooking and cleaning for plaintiff's other children (AR 122, 151); (iv) cannot bend, walk or stand for a long time, and has trouble concentrating and sleeping (AR 122, 151); (v) has difficulty caring for her hair, shaving (because she cannot bend), sitting for long periods because of her neck, and "gets stuck" using the toilet because of her back problems (AR 122, 151); (vi) can do light chores but does not like to be outside and "loses interest in doing things and needs help with chores if pain occurs" (AR 123-24, 152-53); (vii) goes out about one or two times a week but cannot go out alone because she "forgets where to go" and does not like to go out (AR 124, 126, 153, 155); (viii) is able to handle money, but has difficulty counting, and forgets how much was spent (AR 125, 154); (ix) watches television, but cannot finish a whole program, does not focus, and gets distracted and forgetful (AR 125, 154); (x) spends time with others, but needs reminders to go places and someone to accompany her (AR 125, 154); (xi) has mood swings and problems getting along with others (AR 126, 155); (xii) has "difficulty doing any kind of physical function," sees things that are not there, does not remember things, cannot concentrate, and loses her train of though (AR 126, 155); and (xiii) can walk only one short block before needing to rest, can pay attention only 20 minutes, does not finish what she starts, does not follow written or spoken instructions well, and does not handle stress or changes in routine well (AR 126-27, 155-56).

On May 26, 2009, at the administrative hearing, plaintiff testified regarding her symptoms, pain and limitations. (AR 10-15). She stated, *inter alia*, that: (i) four of her children lived with her (AR 34); (ii) she had severe pain in her neck and lower back (AR 34); (iii) both her legs felt numb (AR 35-36); (iv) she had migraine headaches "almost every day" (AR 37); (v) she felt "very depressed,"

had anxiety, and felt suicidal (AR 39); (vi) medication helped with her suicidal feelings, but she still had "anxiety issues," suffered from panic attacks, and became paranoid when around people (AR 39-40); (vii) her pain medication was not working for her, and her pain had increased over the prior couple years (AR 43); (viii) she could not lift "a 10-pound bag of potatoes," could sit only ten minutes before needing to move position, and could stand less than fifteen minutes without leaning on something (AR 45-46); (ix) she spent half the day laying down due to her pain (AR 46); (x) she had difficulty sleeping and concentrating, and did not drive due to her pain (AR 47); and (xi) her children helped her with cooking, household chores and getting into the shower (AR 48-49).

In his September 3, 2009 decision, the ALJ gave little weight to plaintiff's daughter's statements, stating only that "third-party statements have been considered . . ., but greater weight is accorded the objective medical evidence and medical source statements of record."  (AR 12) (citing Exhibits 4E [AR 121-28], 9E [AR 150-57]).

### 2. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d

1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work). The standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 3. Analysis

As the above-stated facts reflect, the testimony of plaintiff's daughter is, on the whole, consistent with, and corroborates plaintiff's testimony regarding her symptoms and limitations. Plaintiff's daughter's testimony was competent lay evidence that the ALJ was required to take into account unless he expressly determined to disregard it and gave reasons germane to such witness therefor. As plaintiff notes, the ALJ implicitly rejects significant portions of evidence from both plaintiff and her daughter at several steps of the sequential evaluation process. The ALJ erred in not providing germane reasons for rejecting such portions of the daughter's statements.

The Court cannot conclude that this error was harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the [statements], could have reached a different disability determination." Stout, 454 F.3d at 1055-56. If fully credited, plaintiff's daughter's statements substantially support plaintiff's description of her symptoms and limitations, and thus could have caused a reasonable ALJ to reach a different disability determination.

Accordingly, this Court cannot deem the ALJ's failure to address the lay witness evidence supplied by plaintiff's daughter harmless.[4]

## V.   CONCLUSION[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 6, 2010

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]Defendant suggests that plaintiff's daughter's statements were largely consistent with plaintiff's testimony, and thus should be discounted for the same reasons that the ALJ discounted plaintiff's testimony. (Defendant's Motion at 9). Assuming, *arguendo*, that the ALJ properly discounted plaintiff's testimony, and that the ALJ may have discounted plaintiff's daughter's statements for similar reasons, he did not so state in his decision, and the Court cannot so conclude on this record.  This Court may not affirm the decision of an agency on a ground that the agency did not invoke in making its decision. See Stout, 454 F.3d at 1054 ("[T]he ALJ, not the district court is required to provide [rationale] for rejecting lay testimony.") (citations omitted).

[5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision – particularly that the ALJ's decision was not supported by adequate medical opinion evidence, the ALJ failed properly to develop the record, and the ALJ improperly substituted his own lay interpretation of plaintiff's treatment records for that of a medical expert – except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  Nonetheless, on remand the ALJ may want to address these and plaintiff's other claims and determine what, if any, impact such alleged errors have on the disability determination.

[6]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).